Nash, J.
 

 No more of the pleadings is stated than is necessary to bring into view the principles upon which this court founds its decree. The plaintiff’s equity is, that he and Chambers, the defendant, being the joint sureties with others to Goss, the other defendant, for Kerns, the latter put into the hands of Chambers funds sufficient to discharge the debt, and that therefore, as between them, the debt is discharged. To meet this allegation, the defendant, Chambers, replies; he admits that he had received from Kerns two bonds, one on R. W. Long, which was paid, and the other upon Thomas Mull, of Mississippi, the latter not collected, and the reason he as
 
 *579
 
 signs is, that Mull is indebted to him to a much larger amount and he has been deterred from attempting to coerce the collection of either claim for fear of losing both. It is not denied that Mull is solvent and able to pay all he owes to hers. We do not consider this as any answer to the plaintiff’s claim. It is manifest, that the reason why the Mull debt has been delayed in the collection is, to accommodate and secure the interest of the defendant, Chambers. If he chooses to indulge Mull, for any cause, he has no right to ask that the plaintiff shall be compelled to join him in the indulgence. In other words, with funds in his hands to pay the debt, he has no right to s^-ll the property of the plaintiff to pay any portion of it. We consider him, as to the purposes of this debt, as having appropriated the Mull bond to his own use. The bond having been placed in his hands by the principal in the debt for the joint benefit of the sureties, the plaintiff, one of them, and the only responsible one excopt the defendant, Chambers, had a right to be consulted in its disposition, and the defendant ought at least to have brought the bonds and money into court and submitted them to its disposition. Another defence upon these bonds is offered by Chambers in his answer. He alleges, that Kerns, being greatly indebted, to secure his creditors, made an assignment of all his property to a trustee, and among the debts so secured was the Goss debt. He further alleges, that the bonds of Long and of Mull were given for the purchase of part of the trust property, so conveyed, and that it was not in his power nor in that of Kerns, to direct it entirely to the satisfaction of the Goss debt, but that the other creditors, whose debts are secured by the deed of trust, are entitled to their reasonable portion of it. It is not necessary any opinion should at this time be expressed upon the question raised ; it is sufficient for us to say, that, in this stage of the case, the defendant can take no benefit by the objection. It has been repeatedly decided by this court, that when, to a bill praying for an injunction, the defendant ad. mits the equity, but seeks to get rid of it by setting up an equity of his own, the injunction must be continued to the hearing.
 
 Lindsay
 
 v. Etheridge, 1 Dev. & Bat. Eq. 36.
 

 
 *580
 
 That is the case here. If the objection can avail the deiendant, it must be upon the hearing of the cause.
 

 We do not agree with the defendants that it was necessary t0 maj{e ¡¡le representative of Ellis a party. It is evident from the answer of Chambers, that the whole interest in the judgment, in equity is in him. Ellis paid nothing for it. It is not assignable at law, and at law it is still the property of Goss. The defendants are mistaken in supposing, that this case comes within the operation of our act, limiting the time within which injunctions can be granted. The plaintiff’s right to ask for an injunction arose after the rendition of the judgment, when he discovered that the defendant Chambers had made a wrong application of the funds placed in his hands by Kerns, for the payment of the Goss debt. This was made manifest to him by the levy of the execution on his land. As long as the judgment was Goss’, there was no equity against it. Until then he could not know whether those funds would be so appropriated or not. We do not think the statute operates upon this case at all.
 

 We are of opinion there was error in the interlocutory decree heretofore pronounced in this case, and the same must be reversed, with costs in this court, so far as it dissolved the injunction for one-half of the sum recovered, and the injunction must be continued to the hearing.
 

 Per Curiam, Decree accordingly.